UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:11-cr-00449-KJM |
| Plaintiff, | |
| v. | ORDER |
| BRYAN R. SCHWEDER, et al., | |
| Defendants. | |

The Ninth Circuit remanded this case "for the sole purpose of conducting an evidentiary hearing to determine whether, at the times that acts giving rise to [defendant's] conviction for conspiracy to manufacture marijuana occurred, [defendant] had 'strictly complied with all relevant conditions imposed by state law on the use, distribution, possession, and cultivation of medical marijuana.'" ECF No. 621 (Dec. 5, 2017 Ninth Circuit Order) (quoting *United States v. McIntosh*, 833 F.3d 1163, 1179 (9th Cir. 2016)). The government then moved for summary adjudication, arguing defendant must, but cannot, show strict compliance with the applicable local ordinance code to establish strict compliance with California law. As explained below, the court DENIES the motion.

I. BACKGROUND

In simultaneously filed briefs identifying the law relevant to the upcoming *McIntosh* hearing, both the government and the defense discussed California's Compassionate Use Act ("CUA"), California Health & Safety Code §§ 11362.5, et seq., and the Medical Marijuana Program

1

Act ("MMPA"), California Health & Safety Code §§ 11362.7, et seq. Gov't Br., ECF No. 642 at 8−11;[1] Def.'s Br., ECF No. 641 at 9−13. As the California Supreme Court has explained, "[a]mong other things, these statutes exempt the 'collective[ ] or cooperative[ ] cultiva[tion]' of medical marijuana by qualified patients and their designated caregivers from prosecution or abatement under specified state criminal and nuisance laws that would otherwise prohibit those activities." *City of Riverside v. Inland Empire Patients Health & Wellness Ctr., Inc.*, 56 Cal. 4th 729, 737 (2013) (original alterations) (quoting Cal. Health & Safety Code § 11362.775 (2004)). In their respective briefs, the parties dispute whether compliance with California law requires compliance with local ordinances. *See* Gov't Br. at 11; Def.'s Br. at 13. Taking the position that compliance with local zoning ordinances is required, the government argues the defendant may establish compliance with California law only by establishing compliance with a Trinity County Ordinance that, at the time of defendant's conviction offense, "effectively prohibited 'aggregate grow' operations in which persons grew large amounts of marijuana for the use of other persons for whom they are not the primary caregivers." Gov't Br. at 12−13. Accordingly, the government argues, the court need not hold a *McIntosh* hearing because defendant cannot establish compliance with the Trinity County ordinance. Mot., ECF No. 644. Defendant opposes, Opp'n, ECF No. 646, and the government replied, Reply, ECF No. 647. The court submitted the motion after hearing argument and resolves it here.

II.   DISCUSSION

The government argues that because "neither the CUA nor MMPA[] preempted the ability of local governments to restrict or prohibit marijuana cultivation or distribution activity within [a] local jurisdiction[,] . . . . the cultivation of medical marijuana must still comply with local ordinances." Mot. at 6 (citations omitted). Defendant counters that local law, though not preempted by the CUA or MMP, does not nullify California's defenses to criminal prosecution embodied in its medical marijuana laws. Opp'n at 6−7. In this respect, defendant has the better argument.

---

[1] All citations to the parties' briefs refer to ECF page numbers, not the briefs' internal pagination.

2

In *City of Riverside*, the California Supreme Court rejected a preemption challenge to a local ordinance that banned medical marijuana dispensaries and provided for their abatement as public nuisances, confirming that the CUA and MMP leave intact local governments' power to regulate and prohibit medical marijuana cultivation and distribution within their borders. *City of Riverside*, 56 Cal. 4th at 738; *see id.* at 738−39, 742−43, 760−61 (discussing local governments' police powers and MMP's express recognition of "local authority to 'regulate' medical marijuana facilities" within their borders) (citing Cal. Const., art. XI, § 7; quoting Cal. Health & Safety Code §§ 11362.768 (f)−(g)[2], 11362.83[3]). Addressing the limited scope of protection offered by the CUA and MMP, the Court explained those protections did not conflict with local laws prohibiting medical marijuana because the MMP only "removes *state law* criminal and nuisance sanctions from

---

[2] Under those provisions:

> (f) Nothing in this section shall prohibit a city, county, or city and county from adopting ordinances or policies that further restrict the location or establishment of a medicinal cannabis cooperative, collective, dispensary, operator, establishment, or provider.

> (g) This section does not preempt local ordinances, adopted prior to January 1, 2011, that regulate the location or establishment of a medicinal cannabis cooperative, collective, dispensary, operator, establishment, or provider.

Cal. Health & Safety Code § 11362.768 (f) & (g). The prior versions of these provisions did not differ substantively.

[3] Section 11362.83 provides:

> Nothing in this article shall prevent a city or other local governing body from adopting and enforcing any of the following:

> (a) Adopting local ordinances that regulate the location, operation, or establishment of a medicinal cannabis cooperative or collective.

> (b) The civil and criminal enforcement of local ordinances described in subdivision (a).

> (c) Enacting other laws consistent with this article.

Cal. Health & Safety Code § 11362.83(a)-(c). The version of § 113623.82 effective January 1, 2012 through June 26, 2017 also does not differ substantively from the version cited here. The version effective January 1, 2004 through December 31, 2011, provided: "Nothing in this article shall prevent a city or other local governing body from adopting and enforcing laws consistent with this article." Cal. Health & Safety Code § 11362.83 (2004).

[specified] conduct" and thus "signal[s] that the *state* declines to regard the described acts as nuisances or criminal violations, and that the *state*'s enforcement mechanisms will thus not be available against these acts." *Id.* at 762 (original emphasis). Thus, with "[t]he sole effect of the [MMP's] substantive terms . . . exempt[ing] specified medical marijuana activities from enumerated state criminal and nuisance statutes[,] . . . . [l]ocal decisions to prohibit them do not frustrate the MMP's operation." *Id.* at 760–61; *see also id.* at 764 (Liu, J., concurring) (agreeing "MMP provides medical marijuana cooperatives and collectives with a limited exemption from state criminal liability" without "'authoriz[ing] activities, to the exclusion of local plans, simply by exempting those activities from otherwise applicable state prohibitions'"); *Conejo Wellness Ctr., Inc. v. City of Agoura Hills*, 214 Cal. App. 4th 1534, 1557 (2013) ("The MMPA does not preclude local action except in the area 'of according qualified persons affirmative defenses to enumerated penal sanctions.'") (quoting *City of Claremont v. Kruse*, 177 Cal. App. 4th 1153, 1176 (2009)).

It follows from *City of Riverside*, then, that a defendant's violation of a local ordinance prohibiting marijuana dispensaries cannot preclude a defendant from asserting a medical marijuana defense provided under the CUA or MMP in a prosecution under state criminal law. *See People v. Ahmed*, 25 Cal. App. 5th 136, 138−39 (Ct. App. 2018), *as modified* (July 11, 2018). In *Ahmed*, the trial court, relying primarily on *City of Riverside*, held the defendant operator of a medical marijuana facility in a locality that banned such facilities was not entitled to a state law defense because he "ha[d] to follow the rules that the City sets up." *Id.* at 139−40. The appellate court reversed, finding "the court misinterpreted *Riverside*," as "[n]othing in *Riverside*'s application of preemption principles supports the trial court's conclusion that a local ban on dispensaries abrogates the medical marijuana defense in a prosecution under state criminal law." *Id.* at 143. Rather, while local governments retain their power to regulate or prohibit medical marijuana operations within their limits, "nothing in law or logic supports an extension of local government power over land use within its borders to, in effect, nullify a statutory defense to violations of state law." *Id.* Moreover, "nor does any language in the MMP or CUA even arguably suggest the defense provided by section 11362.775, subdivision (a) is available only to medical marijuana providers who are compliant with local ordinances," leaving the trial court's ruling

"erroneous as a matter of law." *Id.*; *cf. Kirby v. Cty. of Fresno*, 242 Cal. App. 4th 940, 957, 961 (2015) (although "[l]and use regulation in California historically has been regarded as a function of local government . . . . the definition of crimes and penalties involving controlled substances is an area of law traditionally addressed at the state level"; "the [California Uniform Controlled Substances Act and MMP's prohibition of arrests manifest the Legislature's intent to fully occupy the area of criminalization and decriminalization of activity directly related to marijuana," preempting local ordinance under which ban on individual cultivation punishable as misdemeanor); *Safe Life Caregivers v. City of Los Angeles*, 243 Cal. App. 4th 1029, 1050 n.26 (2016) (distinguishing *Kirby* and upholding local ordinance applying "criminal penalties only to medical marijuana businesses" because "MMPA does not provide immunity from arrest or prosecution generally for the collective cultivation of marijuana").

This court is persuaded by *Ahmed*'s reasoning and not by the government's arguments to the contrary, all of which rest on the tenuous premise that because the CUA and MMP do not preempt local law, local law necessarily carries the force of state law. Although the government relies heavily on a fellow district court's determination that "California law governing medicinal marijuana requires compliance with all local laws," this court observes that determination was made before *Ahmed* was decided and without explanation. *See United States v. Gentile*, No. 112CR00360DADBAM, 2017 WL 1437532, at *9−10 (E.D. Cal. Apr. 24, 2017) (finding defendant did not strictly comply with California law because "the evidence . . . establishes clearly and convincingly that defendant did not operate [his medical marijuana dispensary] in strict compliance with local zoning ordinances and other [local] legal requirements"). The court also declines to accept the government's argument that *Ahmed* does not apply here because the rationale underlying *McIntosh*, that the DOJ may not expend funds on prosecutions that would prevent states from implementing their medical marijuana laws, does not reach prosecutions of "conduct [that] can be prohibited under California law by local Ordinances." Mot. at 8. The government appears to argue that because local governments could pursue "administrative and civil actions . . . and, eventually, [] contempt of court," *see id.*, the government's prosecution would not "prevent[] the implementation of those specific rules of state law that authorize the use, distribution, possession,

or cultivation of medical marijuana," *McIntosh*, 833 F.3d at 1178. But the government here is not pursuing an abatement action premised on the defendant's alleged violation of the Trinity County ordinance; the government is pursuing federal criminal charges for controlled substance offenses. California law does not preempt a local government's pursuit of the former but provides a defense for the latter and the government's prosecution here thus risks interfering with state law. *McIntosh*, 833 F.3d at 1176–77 ("If the federal government prosecutes such individuals, it has prevented the state from giving practical effect to its law providing for non-prosecution of individuals who engage in the permitted conduct.").

The motion is DENIED.

IT IS SO ORDERED.

DATED: March 12, 2019.

_____
UNITED STATES DISTRICT JUDGE